J-S21023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA A. RUSE | : | |
| | : | |
| Appellant | : | No. 1317 WDA 2017 |

Appeal from the PCRA Order June 30, 2017
In the Court of Common Pleas of Greene County Criminal Division at
No(s):  CP-30-CR-0000094-2013

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED MAY 08, 2018**

Joshua A. Ruse (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On February 13, 2013, at docket number CP-30-CR-0000094-2013 (94-2013), Appellant was arrested by the Waynesburg Borough Police Department after he was stopped for various Motor Vehicle Code violations, and charged with driving under the influence of alcohol (DUI), general impairment; DUI – high rate of alcohol; driving under suspension (DUS), DUI-related; fraudulent use or removal of a registration plate; operation of a vehicle without financial responsibility; operation of a vehicle in violation of the general lighting requirements; and operation of a vehicle without an official certificate of

inspection.[1] At the time of his arrest, Appellant's BAC was measured at .114% from a breathalyzer.

On July 31, 2013, Appellant pled guilty to each of the aforementioned violations of the Pennsylvania Motor Vehicle Code. According to his Presentence Investigation Report, Appellant had seven prior DUI convictions, including three in the preceding ten years. Appellant failed to appear for his sentencing hearing on October 1, 2013 and the trial court issued a bench warrant for his arrest.

On August 2, 2014, at docket number CP-30-CR-0000275-2014 (275-2014) Appellant, following a motor vehicle accident, was arrested by the Southwest Regional Police Department and subsequently charged with DUI, general impairment; DUI – highest rate of alcohol; DUS, DUI-related; operation a vehicle without financial responsibility; operation a vehicle without the required registration and certificate of title; operation of a vehicle without a valid certificate of inspection; failure to drive on the right side of the roadway; and failure to drive at a safe speed.[2] After consenting to a blood draw, Appellant's BAC was measured at .203%. Prior to the blood draw,

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), (b), 1543(b)(1.1)(ii), 7124, 1786(f), 4303(a), 4703.

[2] 75 Pa.C.S.A. §§ 3802(a)(1), (c), 1543(b)(1), 1786(f), 1301, 4703, 3301, 3361.

Appellant received warnings indicating that he would receive enhanced, mandatory penalties if he did not consent to the blood draw.

On December 15, 2015, Appellant pled guilty to each of the aforementioned violations of the Pennsylvania Motor Vehicle Code at docket number 275-2014. The same day, the trial court sentenced Appellant at both docket numbers 94-2013 and 275-2014 pursuant to a negotiated plea agreement that included an aggregate sentence of 32 months to 11 years of incarceration. Appellant did not seek to withdraw his guilty plea and did not file a direct appeal from his judgment of sentence.

On September 21, 2016, Appellant filed a timely PCRA petition and the PCRA court appointed counsel to represent him for his PCRA proceedings. On January 27, 2017, Appellant filed an amended PCRA petition in which he argued that the court should vacate his judgment of sentence because he is entitled to the retroactive application of **Birchfield v. North Dakota**, 136 S. Ct. 2160 (2016), which held that a blood draw incident to a DUI arrest cannot be administered without a warrant and that police cannot seek consent to conduct a blood draw under the threat of enhanced criminal penalties for refusing consent. **Id.** at 2185-86. Appellant further asserted that because his consent to a blood draw at docket number 275-2014 was elicited in an unconstitutional manner, his guilty plea was unlawfully induced. Appellant also argued that his plea counsel was ineffective for failing to file a pre-trial motion challenging the constitutionality of his blood draw.

On May 4, 2017, the PCRA issued notice of its intent to dismiss Appellant's PCRA petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure, based on its determination that Appellant failed to preserve a challenge the constitutionality of his blood draw before the trial court.  Trial Court Order, 5/4/17, at 4.  On June 30, 2017, the PCRA court formally dismissed Appellant's PCRA petition.  This timely appeal followed.

On appeal, Appellant presents the following issues for review:

1.  Whether the [PCRA] court erred in finding that Appellant was not entitled to a new trial under the law announced by the United States Supreme Court in *Birchfield v. North Dakota*.

2.  Whether the [PCRA] court erred in finding that Appellant's [plea] counsel was not ineffective for failing to properly seek suppression of inadmissible evidence, and allowing that evidence to be used against [Appellant] to induce a guilty plea.

3.  Whether the [PCRA] court erred in finding that [Appellant]'s plea was not unlawfully induced, where the circumstance[s] make it likely that the inducement caused [him] to plead guilty and [he] is innocent.

4.  Whether the [PCRA] court erred in denying [Appellant]'s [PCRA] Petition.

Appellant's Brief at 9.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quotations and citations omitted).  "To be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, his conviction or sentence

- 4 -

resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2)[.]" *Id.*

We address Appellant's first and third issues together because they are related. For these issues, Appellant argues that he is entitled to withdraw his guilty plea and proceed to trial. Appellant contends that his guilty pleas at docket numbers 94-2013 and 275-2014 were unlawfully induced because in the case at docket number 275-2014, he consented to a blood draw after receiving unconstitutional warnings from the police that improperly informed him he would be subject to mandatory, increased penalties if he did not consent to the blood draw. Appellant, therefore, asserts that he is entitled to retroactive application of the United States Supreme Court's *Birchfield* decision.

This Court recently explained the *Birchfield* decision as follows:

*Birchfield* involved challenges to the use of both warrantless breath tests and warrantless blood tests to determine the [BAC] of an individual arrested for DUI. . . . [T]he Court engaged in a familiar balancing analysis, "examin[ing] the degree to which [the tests] intrude upon an individual's privacy and ... the degree to which they are needed for the promotion of legitimate governmental interests." *Birchfield*, 136 S.Ct. at 2176 (quoting *Riley v. California*, [134 S.Ct. 2473, 2484] (2014)) (internal quotation marks and some internal brackets omitted)[.]

First, the Court addressed the impact of each test on an individual's privacy interests. As to breath tests, the Court reasoned that: they involve an "almost negligible" physical intrusion, *id.* at 2176; "[e]xhalation is a natural process," *id.* at 2177; the tests "are capable of revealing only one bit of information, the amount of alcohol in the subject's breath," *id.*; and the tests are unlikely "to cause any great enhancement in the embarrassment that is inherent in any arrest," *id.* Accordingly,

- 5 -

the Court concluded that "breath test[s] do[ ] not implicate significant privacy concerns." *Id.* at 2178 (internal quotation marks omitted; some alterations in original).

In contrast, the Court found that blood tests are "significantly more intrusive." *Id.* at 2184; *see also id.* at 2178. It reasoned that: the tests "'require piercing the skin' and extract[ing] a part of the subject's body"; unlike exhaling air, "humans do not continually shed blood"; and a blood sample may be preserved by the police and contains "information beyond a simple BAC reading." *Id.* at 2178.

The Court next addressed "the States' asserted need to obtain BAC readings for persons arrested for drunk driving," *id.*, and the relationship between that need and "[t]he laws at issue in the present cases – which make it a crime to refuse to submit to a BAC test," *id.* at 2179. Noting that state and federal governments have a "paramount interest ... in preserving the safety of ... public highways," *id.* at 2178 . . . , and that alcohol continues to be a leading cause of traffic fatalities and injuries, *id.*, the Court concluded that laws "designed to provide an incentive to cooperate" in DUI cases "serve a very important function." *Id.* at 2179.

The Court then weighed the intrusion occasioned by each test against the government's interest. As to breath tests, it concluded that "the Fourth Amendment permits warrantless breath tests incident to arrests for drunk driving" because the "impact of breath tests on privacy is slight, and the need for BAC testing is great." *Id.* at 2184.

The Court reached the opposite conclusion with respect to warrantless blood tests. *Id.* at 2185. In part because the reasonableness of blood tests "must be judged in light of the availability of the less invasive alternative of a breath test," *id.* at 2184, which "in most cases amply serve[s] law enforcement interests," *id.* at 2185, it concluded that warrantless blood tests are not permissible as searches incident to arrest.

\* \* \*

The Court next addressed whether a warrantless blood test is permissible under the implied-consent exception to the warrant requirement. The Court noted that its "prior opinions have

referred approvingly to the general concept of implied-consent laws that impose civil penalties and evidentiary consequences on motorists who refuse to comply" with BAC tests, and emphasized that "nothing we say here should be read to cast doubt on them." *Id.* at 2185. It found, however, that it is "another matter ... for a State not only to insist upon an intrusive blood test, but also to impose criminal penalties on the refusal to submit to such a test." *Id.* (emphasis added). It explained: "[t]here must be a limit to the consequences to which motorists may be deemed to have consented by virtue of a decision to drive on public roads." *Id.* The Court, therefore, concluded that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." *Id.* at 2186.

*Commonwealth v. Ennels*, 167 A.3d 716, 718-21 (Pa. Super. 2017) (some quotations, citations, and footnotes omitted).

After *Birchfield*, this Court has held that Pennsylvania's implied-consent law unconstitutionally "impose[s] criminal penalties on the refusal to submit to" a blood test. *Commonwealth v. Evans*, 153 A.3d 323, 331 (Pa. Super. 2016). Thus, where a defendant consented to a blood draw after receiving Pennsylvania's pre-*Birchfield* implied consent warnings, the blood draw was unconstitutional because consent was elicited following the reception of warnings relating to the now-invalidated increased, mandatory penalty for failing to consent. *Id.* We emphasized that "*Birchfield* makes plain that the police may not threaten enhanced punishment for refusing a blood test in order to obtain consent, . . . whether that enhanced punishment is (or can be) ultimately imposed is irrelevant to the question whether the consent was valid." *Ennels*, 167 A.3d at 724.

- 7 -

Nevertheless, in this case, we conclude that Appellant, whose arrest, guilty plea, and judgment of sentence all occurred **prior** to the Supreme Court's issuance of its ***Birchfield*** decision, is not entitled to relief. Preliminarily, we point out that ***Birchfield*** is wholly inapplicable to Appellant's guilty plea to the charges at docket number 94-2013, as his BAC in that case was determined using a breathalyzer. ***See Birchfield***, 136 S.Ct. at 2185.

With respect to Appellant's guilty plea to the charges at docket number 275-2014, where Appellant consented to a blood draw after receiving Pennsylvania's now-invalidated implied consent warnings, our Court has determined that ***Birchfield*** is inapplicable. In ***Commonwealth v. Olson***, --- A.3d ----, (Pa. Super. February 14, 2018), this Court recently held that "***Birchfield*** does not apply retroactively in Pennsylvania to cases pending on collateral review." ***Id.*** at *4. Therefore, because our Court has held that ***Birchfield*** does not apply retroactively to cases on collateral review, Appellant

cannot now withdraw his guilty plea on the basis of that decision through the PCRA.[3] Appellant's first and third issues do not merit relief.[4]

Finally, in his second issue, Appellant argues that his plea counsel was ineffective for failing to challenge the constitutionality of his blood draw prior to his guilty plea. This claim is entirely meritless. "The law is clear that counsel cannot be held ineffective for failing to anticipate a change in the law." ***Commonwealth v. Cox***, 983 A.2d 666, 702 (Pa. 2009). The United States Supreme Court decided ***Birchfield* more than six months after** Appellant pled guilty and was sentenced by the trial court. Appellant cannot now claim that his counsel was ineffective for failing to challenge the constitutionality of his blood draw when the ***Birchfield*** decision did not exist. Accordingly, Appellant's second issue is meritless.

_____

[3] We also note that the trial court PCRA court properly dismissed Appellant's ***Birchfield*** claim because he at no point challenged the voluntariness of his consent to the blood draw before the trial court. ***See Commonwealth v. Wilcox***, 174 A.3d 670, 674 (Pa. Super. 2017) (holding that Appellant was not entitled to relief under ***Birchfield*** because, *inter alia*, the defendant did not challenge his consent to submit to a blood draw at any stage of the proceedings before the trial court). Our Court's decision in ***Olson*** was issued several months after the denial of Appellant's PCRA petition.

[4] Moreover, we point out that in the argument section of his appellate brief, Appellant has failed to make even a bare assertion of innocence. ***See*** 42 Pa.C.S.A. § 9543(a)(1)(stating that a PCRA petitioner is entitled to relief where a guilty plea was unlawfully induced and "the circumstances make it likely that the inducement caused the petitioner to plead guilty **and the petitioner is innocent**") (emphasis added).

Because we have determined that Appellant's first three issues are meritless, we conclude that the PCRA court did not err in dismissing Appellant's PCRA petition, which is Appellant's fourth issue.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2018